The .opinion of the Court was delivered by
Bermudez, C. J.
This is an action for the recovery of a money claim for $5,396, and the revocation and annulment of a conveyance alleged to have been made between third persons, for the, benefit of the debtor, in fraud of his creditors.
There was judgment for the amount of the note and bill sued on, hut rejecting the action to annul. From this judgment the plaintiffs appeal.
Our attention has been specially invited by the appellees to the several hills of exception taken during the trial of the case, to the admission of acts under private signature, of a newspaper extract of testimony charged with irrelevancy, and of other action on the part of the District Judge. We have considered the evidence adduced, and think that the objections overruled went rather to the effect than to the admissibility of the testimony and other evidence received.
In cases of this description, a wide latitude is allowed for the introduction of evidence.
On the merits we find, that the reality of the purchase from Patton by Paul Lisso, through Julius, his agent, out- of the purchaser’s funds, *311 is established by the deed of sale, the testimony of the vendor, of the vendee, of the latter’s agent, and by that of the judgment debtor. From the testimony of the three Lissos, it also appears that the expense incurred, concerning the improvements on the lot, was borne by Paul Lisso, and in no manner paid for by Sam Lisso. The ability of Paul to buy, and the fact that the money was paid, are shown beyond .dispute.
It is a possibility, in tlie abstract, that they have all testified falsely, but we eannot say so, unless the perjury has been clearly proved.
The many circumstances which the plaintiffs have established, although calculated to throw some suspicion upon the transaction, are, by far, insufficient to liave it set aside.
The burden was upon them, and they have signally fallen short of the requirements of the law in that regard.
We eannot attach any significance to the fact said to have been proved and probably shown, that part of the purchase price, some $47, was satisfied by Sam Lisso, the judgment debtor, by Ms “ squaring off ” a bill for that much with Patton, the vendor. The lot and buildings appear to be of a value of about $3,000.
The District Judge, who heard the evidence in the case, arrived to the conclusion, that the plaintiffs had failed in their action to revoke and annul, and that the defendant, Paul Lisso, had justified his title.
, We have not been shown that there was any error committed.
It is therefore ordered and decreed, that the judgment appealed from he affirmed with costs.